REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Andrew N. Thomases (CSB # 177339)
andrew.thomases@ropesgray.com
Andrew T. Radsch (CSB # 303665)
andrew.radsch@ropesgray.com
ROPES & GRAY LLP
1900 University Avenue
East Palo Alto, California 94303-2284
Tel.: (650) 617-4000
Fax.: (650) 617-4090

Attorneys for Non-Party
ROKU, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANON, INC., <br><br> Plaintiff, <br><br> v. <br><br> TCL ELECTRONICS HOLDINGS, LTD., ET AL. <br><br> Defendants. | Misc. Case No. 3:20-mc-80079-JCS <br><br> PENDING IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS <br><br> E.D. Texas Civil Action No. 2:18-CV-00546-JRG <br><br> **OPPOSITION TO CANON, INC.'S MOTION TO TRANSFER ROKU INC.'S SUBPOENA-RELATED MOTIONS TO THE ISSUING COURT** <br><br> Date: June 9, 2020 <br> Time: 9:00 am |

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

## I. INTRODUCTION

At issue in the Motions to Quash Subpoenas filed by non-party Roku, Inc. ("Roku"), a company founded and that continues to maintain its headquarters in this District, are matters of quintessential local importance. At issue in one of the motions is whether Roku should be required to put at significant and irreversible risk of loss the core of its business and key asset—the complete source code for the Roku operating system—by making it available on an insecure review platform, when safe and secure alternatives exist and are currently being used. At issue in the other motion is whether Roku's employees in this District must expend hundreds or thousands of hours to generate and calculate financial information that Roku does not have, and to locate, review, and produce (after clearing confidentiality obligations) thousands of agreements comprising nearly all of Roku's business. This Court can and, as contemplated by the Federal Rules of Civil Procedure and controlling case law, should decide these issues.

In contrast, Canon, Inc.'s ("Canon") Motion to Transfer Roku's subpoena-related motions to the Eastern District of Texas ("Transfer Motion"), fails to show that "extraordinary circumstances" warrant transfer. Canon's primary arguments rely on mischaracterizations and omissions. Contrary to Canon's arguments, remote source code review of Roku's core asset (the Roku operating system) is not before the EDTX court. And there is no risk of inconsistency between a ruling that permits remote review as one option available to parties to that action, and a ruling that a remote review procedure would be unduly burdensome to a third-party in light of that third-party's specific facts, such as the specific nature of the source code at issue. Likewise, contrary to Canon's representations, the EDTX court has not considered the relevance of Roku's finances and content partner agreements sought by Canon's subpoena, let alone considered the burden of attempting to collect and produce that information. In addition, Canon omits key facts about the case schedule and about its own delays, which it is now attempting to use to its advantage in leveraging the coming close of fact discovery.

Finally, Canon's argument that transfer to EDTX would not burden Roku turns logic on its head. Canon has manipulated venue in EDTX by naming as defendants in the underlying action only foreign companies, while not naming the two domestic companies, Roku and TTE

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Technology, Inc., who Canon accuses of direct infringement and who Canon collectively references over 100 times in its Complaint. *See generally* D.I. 22.[1] Neither Roku nor TTE can be sued in the EDTX under the Supreme Court's *TC Heartland* decision because neither has a regular and established place of business there. Nevertheless, Roku has been dragged into that suit as a third-party. Now, Canon asserts that Roku would not be burdened by having its Motions to Quash considered there because Roku has already been dragged into the EDTX suit due to Canon's manipulation of venue. Canon's position seeks to reward litigation gamesmanship, subvert *TC Heartland*, and undermine sound public policy.

To protect local non-party Roku from the burdens of Canon's overreaching requests and overt gamesmanship, this District should decide Roku's motions to quash.

## II. BACKGROUND

### A. Canon's Venue Gamesmanship in the Underlying EDTX Action

In litigating the EDTX Action, Canon has attempted to treat non-party Roku, a California-based corporation, as a defendant while enjoying the benefits of its preferred venue, the Eastern District of Texas, where Roku could not have been sued. In the EDTX Action, Canon's Amended Complaint names Roku over eighty times and accuses Roku of directly infringing Canon's patents. *See* D.I. 22. Because Roku is headquartered in NDCA and has no place of business in EDTX, naming Roku as a defendant would have made venue improper. *See TC Heartland LLC v. Kraft Food Grp. Brands*, 137 S. Ct. 1514, 1517 (2017). Instead, Canon chose not to name Roku as a Defendant and only sued foreign corporations to pursue the suit in the EDTX. D.I. 1, 22.

Defendants filed a motion to transfer to NDCA, as no party, document, or witness is present in EDTX. D.I. 59. Canon opposed, attempting to minimize the significance of Roku's presence in NDCA, despite its being founded and headquartered here. *See* D.I. 64. Belying its own arguments, Canon has served two document subpoenas and two corporate deposition

---

[1] "D.I." refers to the Docket Index of the EDTX Action, *Canon, Inc. v. TCL Electrical Holdings, Ltd. et al.*, No. 2:18-cv-546-JRG (E.D. Tex.).

OPPOSITION TO CANON, INC.'S MOTION TO TRANSFER ROKU INC.'S SUBPOENA-RELATED MOTIONS TO THE ISSUING COURT
Misc. Case No. 3:20-mc-80079-JCS                    2

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

subpoenas on Roku and seven deposition subpoenas on Roku employees in NDCA, all demanding compliance in NDCA. Canon's experts reviewed Roku's source code for weeks in NDCA—source code that Roku produced in reliance on the EDTX protective order ("PO") that forbade remote review and that Canon attached to its subpoena. *See* D.I. 79, ¶10. When Roku offered to make its source code available in EDTX in response to California's COVID-19 orders, Canon declined to review the code there, stating that review in EDTX was unmanageable for its experts and that it could not locate any suitable expert in its chosen litigation venue. *See* D.I. 150 at 2.

### B.    Canon Mischaracterizes Roku's Relationship with Defendants

Canon's Transfer Motion is rife with factual mischaracterizations, particularly with respect to the relationship between Roku and Defendants. Roku develops the Roku operating system ("Roku OS"), which it licenses to TCL. Certain TCL Defendants manufacture in China the accused products, TCL-branded TVs implementing the Roku OS ("TCL Roku TVs"). Neither Roku nor Defendants import or distribute the accused products in the United States; non-party TTE Technology, Inc., a California-headquartered subsidiary of one of the Defendants, is responsible for importing, marketing, and distributing TCL Roku TVs in the U.S. Thus, Roku supplies its Roku OS to Defendants with respect to the TCL Roku TVs. Defendants are not Roku's "proxy," and Canon provides no support for its assertion. *See* Mot. at 2-3.

Canon's reference to "Roku's financial relationship with TCL and the accused TCL Roku TVs" (Mot. at 7, n.4), to suggest that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Importantly, contrary to Canon's unsupported assertion (Mot. at 4), Canon's damages in the EDTX Action (if any) can only be based on the revenues or profits of the Defendants in that case. Roku's revenues cannot be the basis for any damages claim because it is not a defendant in that case, and Canon fails to point to a single case establishing otherwise. Moreover, contrary to Canon's claims, discovery concerning Roku's finances have never been an issue raised in EDTX. The supplemental claim construction briefing and claim construction order that Canon cites, *see* Mot. at 6-7, addressed ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and had nothing at all

to do with revenues Roku generates through its business activities and whether discovery related to such revenues would be unduly burdensome. *See* D.I. 121, 123, 129, 134. Canon's assertions otherwise are bereft of citation and unrooted in fact. *See* Mot. at 6-7.

### III.  LEGAL STANDARD

Under Fed. R. Civ. P. 45(f), a court may only transfer a motion to quash a subpoena to the issuing court if it finds "exceptional circumstances." The movant bears the burden of showing exceptional circumstances exist. Fed. R. Civ. P. 45(f), Advisory Committee Notes. "The primary consideration should be to avoid 'burden on local nonparties subject to subpoenas and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions.'" *Personalized Media Commc'ns LLC v. Top Victory Elecs. Co.*, No. 16-mc-80122-SK, 2016 WL 8542561, *1 (N.D. Cal. Aug. 3, 2016). Transfer is inappropriate when the "interests of the nonparty in having the subpoena resolved locally" outweigh the interests of in avoiding disruption of the issuing court's management of the underlying litigation, such "as when the court has already ruled on issues presented by the motion." *Id.* "Local nonparties should be burdened as little as practicable by litigation in which they are not involved, and local resolution of the motion will typically impose a lighter burden." *Id.* (quoting *Woods ex del. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 407-08 (N.D. Ala. 2014).

### IV.  ARGUMENT

As a rule, to protect local non-parties, the court of compliance decides motions regarding subpoenas. *See* Fed. R. Civ. P. 45(d), 45(f) Advisory Committee Notes. Local non-party Roku's Motions to Quash, which involve the security of Roku's core business asset and protection against unduly burdensome demands, implicate local interests that should be resolved by an NDCA court. Only in "extraordinary circumstances" may the court of compliance transfer a motion to quash to the issuing court, yet Canon has failed to establish any extraordinary circumstances here. *See* Fed. R. Civ. P. 45(f). First, there is no judicial economy to gain by transfer, or concern for conflicting orders, as EDTX has not considered the issues raised in Roku's motions. Second, these Motions to Quash will have no impact on the case schedule, and their timing is a result of Canon's own delays. Lastly, there are significant

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

interests in protecting local non-party Roku from burden that counsel against transfer.

### A. The EDTX Court Has Not Considered the Issues Presented Here

#### 1. Roku's Source Code-Related Motion Presents Distinct Issues

Whether Roku should be compelled to produce the complete Roku OS source code for review by insecure remote means is not and has not been before the EDTX court, and a ruling here would not and could not conflict with any ruling there. Transfer is unwarranted. *See, e.g.*, *Personalized Media*, 2016 WL 8542561, *2 ("[Movant] has not cited to any previously court-determined discovery decision or issue with which this Court is at risk of conflicting.").

Resolution of Roku's motion to quash here requires consideration of the specific burdens on Roku that would result from a requirement that it make its complete Roku OS source code available via a networked computer for remote review from Canon's experts' own unsecured homes. Relevant considerations include the scope of discovery demanded (here, the complete Roku OS source code, not just source code related to accused functionalities); the importance of that proprietary information to Roku (here, the discovery is the precise details of Roku's crown jewels); whether remote review provides adequate security for that information (it does not); and whether there are other less burdensome alternatives available (there are). None of those facts is or has been before the EDTX court. This Court, in the District where Canon sought compliance with its subpoena and where Roku resides, is well-positioned to consider and decide those issues on the merits of the facts presented.

Canon's pending motion in EDTX to modify the PO in that suit does not resolve, or even address, the issues presented here. Canon's request to modify the PO seeks only to permit remote review as one of several available source code review procedures and is not specific to Roku or its source code. *See* D.I. 146. Canon's proposed amended PO would expand the menu of options for source code review under that PO, and would still would allow for review at outside counsel's office, which is how the review of Roku's source code is currently proceeding. Thus, there is no risk that an order here would conflict with any EDTX modification of the PO, as they present disparate issue. *See, e.g.*, *In re Novartis and Par Antitrust Litig.*, No 2:19-mc-00149, 2019 WL 5722055, *5 (E.D. Pa. Nov. 5, 2019) ("[T]he risk

of disparate outcomes is minimal because this is an issue specific to [non-party] and not the parties involved."); *Hood v. City of Chicago*, No. 1:19-mc-00123, 2019 WL 5295169, *3 (D.D.C. Oct. 18, 2019) (denying motion to transfer because "burdensomeness" to the non-party could properly be determined by court of compliance).

Moreover, the current PO in the EDTX Action, like Canon's proposed modified version, applies ***only*** to the parties to the action, and expressly states that "Third Parties ***may*** agree to be bound by the Order." *See* D.I. 79 ¶ 20 (emphasis added). There could be no conflict between a decision here to protect Roku's confidential information, and an order in EDTX that provides an *optional* mechanism for third-parties to seek protection of their confidential information. Likewise, the EDTX court's COVID-19 standing order, which Canon also cites, Mot. at 5, applies only to "the parties" to actions there, does not apply to third parties, and does not address the facts related to discovery of Roku's complete Roku OS source code.

At its core, Canon's argument eviscerates the "exceptional circumstances" standard and Federal Rule of Civil Procedure 45(d)(3)(B). Canon's argument is this: Because the issuing court is considering or has entered a confidentiality protective order, any application to modify or quash a subpoena on the basis that it seeks confidential or trade secret information, should be transferred to the issuing court. But, in nearly every patent infringement suit, the parties will request and the court will have issued a confidentiality protective order applicable to the parties to that underlying action. There is nothing "exceptional" about that circumstance. And Rule 45(d)(3)(B) expressly authorizes the court where compliance is sought, here NDCA, to protect subpoena recipients from having to disclose confidential or trade secret information. Canon contends that this Court should not have that role where the issuing court has entered a confidentiality protective order. The rule and case law says no such thing.

Finally, Canon's argument that Roku has been fully represented in the EDTX Action lacks merit. *See* Mot. at 6. Roku is a non-party to the EDTX Action and therefore lacks standing or the right to challenge Canon's motion to modify the PO. Roku had no standing or right to submit in EDTX the declaration it submitted here, in connection with its Motion to Quash, detailing the harms to it that remote review would cause. As addressed above, the

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

burden imposed *upon Roku* by Canon's demand for remote review of Roku's source code can only properly be considered and determined in the context of the potential harm *to Roku* in light of the discovery demanded (*e.g.*, production of the complete Roku OS that was made in reliance on a protective order forbidding remote review). None of those facts or issues is before the EDTX court and non-party Roku's interests have not fully been represented there.

### 2. Roku's Motion Directed to Financial Information and Agreements Is Distinct from Any Issue Considered by EDTX

Roku's second motion addresses two issues: (1) Whether Roku must produce financial information and metrics it does not have or that would take hundreds of hours to calculate and compile; and (2) Whether Roku must produce literally thousands of content partner agreements, none of which is specific to the accused products in the EDTX Action, and which comprise the majority of Roku's business. None of those issues is or has been before the EDTX court. Despite Canon's misstatements, Roku's finances and content partner agreements have never been considered by the court in the EDTX Action.

Canon's attempt to tie the Motion to Quash issues to issues that were before the EDTX court stretches the truth beyond recognition. Canon's assertion that there has been "extensive briefing" on the "financial relationship" between Roku and TCL is false. The EDTX court was asked to consider one narrow issue: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* D.I. 121, 123, 129, 134 (supplemental claim construction briefing). That question dealt solely with ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Canon's assertion that EDTX has "extensive familiarity" with ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ is baseless attorney argument without any support. *See* Mot. at 7 n.4. Tellingly, Canon cites only to the supplemental claim construction briefing, which did not consider the substance of Roku's financials at all, let alone any content partner agreements (to which TCL is not a party). *See* Mot. at 6-7; D.I. 121, 123, 129, 134. The claim construction order makes no ruling with respect to Roku's financials and does not even mention Roku's finances at all. *See* D.I. 149. There has been no motion practice regarding

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Roku's finances, damages issues, or any other issue remotely similar to those presented in Roku's present Motion to Quash here, and no exceptional circumstance exists to warrant transfer. *See, e.g.*, *Personalized Media*, 2016 WL 8542561, *2. Moreover, the Defendants in the EDTX Action do not and cannot have access to Roku's confidential financial information.

Canon uses its Transfer Motion to attempt to impugn Roku and its counsel's credibility by falsely asserting that they "withheld" from Canon ▬▬▬▬▬▬▬▬▬▬▬▬▬. *See* Mot. at 6. While not relevant to whether Canon has met its burden in seeking transfer, Roku feels compelled to respond. Roku filed petitions for *inter partes review* in December 2019, at the very outset of discovery in the EDTX Action, expressly identifying Defendants as Roku's privies. *See, e.g.*, IPR2020-00341, Petition at 3 (Dec. 24, 2019). Likewise, in January 2019, months before the claim construction hearing, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, was produced to Canon. *See* Mot, Ex. B at 72:5-9. While Canon quotes statements the EDTX court made during the claim construction hearing, those statements were made after Canon's counsel's incorrect allegation that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *See id.* at 11:25-12:5. Once Defendants' counsel clarified that ▬▬▬▬▬▬▬▬▬▬▬▬ already had been produced and that Canon had delayed its discovery requests such that pertinent responses were due ***after*** the claim construction hearing, Canon's counsel reversed course and alleged only that he was not satisfied by the amount of discovery on that topic. *Id.* at 72:5-19; 15:18-22.

### B. NDCA's Resolution of the Motions Will Not Affect Case Deadlines

The case schedule in the EDTX Action does not depend on whether NDCA or EDTX decides Roku's Motions to Quash. The issue presented by Roku's Motions to Quash is whether Canon's subpoena requests unduly burden non-party Roku. As EDTX has not considered these issues, "they do not rests on facts or law that the [issuing court] is uniquely positioned to decide." *See Hood*, 2019 WL 5295169 at *3. This Court should resolve these motions.

Canon's concern that the case schedule may be impacted by these Motions to Quash does not comport with the facts. First, Canon already has spent over twenty days reviewing Roku's source code and has scheduled four additional review days this week. As recently as

OPPOSITION TO CANON, INC.'S MOTION TO TRANSFER ROKU INC.'S SUBPOENA-RELATED MOTIONS TO THE ISSUING COURT
Misc. Case No. 3:20-mc-80079-JCS

8

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

May 8, Canon's experts requested printouts of Roku's source code. Regardless of the outcome of Roku's Motion to Quash, Canon's ability to review Roku's source code will not be impacted. Second, Canon just recently served a second broad document subpoena on Roku, with a return date of May 18, 2020, just before expert reports are due. Canon's late-served second subpoena undermines the alleged urgency of discovery from Roku. Third, under the present scheduling order, fact discovery continues for weeks after expert reports are due. *See* D.I. 139. Canon's insinuation that fact discovery must be completed before opening expert reports contravenes the schedule. Fourth, the fact discovery deadline already has been moved once due to scheduling challenges caused by COVID-19, *see* D.I. 139, and Roku understands that the case schedule may be extended further as a result of Canon's refusal to present any of its witnesses—including any of the named inventors—for remote deposition.[2] The issues presented by these Motions to Quash will have minimal to no impact on the case schedule.

Finally, the proximity of the Motions to Quash to expert report deadlines results from Canon's delays. Canon should not benefit from its own delays. *See, e.g.*, *Snow v. Knurr*, No. 4:18-MC-09015-RK, 2018 WL 4101519, *2 (W.D. Mo. Aug. 28, 2018) (denying transfer and discounting delay in the case schedule where delays were caused by the subpoenaing party's actions). After the COVID-19 related shelter in place orders in the Bay Area impacted source code review here, and after refusing to review Roku source code in EDTX, Canon demanded it be available in a secure location near to its experts in Washington, D.C. Only after Roku quickly complied with that demand by having its source code computer hand-carried to Alexandria, VA, did Canon insist on remote review. But Canon has known for nearly two months that Roku would not permit its source code to be reviewed remotely and, instead of

---

[2] None of Canon's witnesses, including not a single named inventor, has been deposed. Canon refused to bring any of its witnesses to the U.S. for deposition and demanded instead that its witnesses and representatives be deposed in person at the U.S. consulate in Osaka. Because of the State of Emergency in Japan that extends through May, deposition at the Osaka consulate cannot proceed. *See* "Japan extends state of emergency as coronavirus keeps spreading," CBS News (May 4, 2020), https://www.cbsnews.com/news/japan-state-of-emergency-extended-shinzo-abe/. To date, Canon has refused to make its witnesses available for remote deposition.

bringing that issue before this Court for resolution, it continued to review Roku's source code in Alexandria, VA. Only after weeks of that review did it reassert its demand for remote review, necessitating Roku's Motion to Quash. Canon should not be rewarded for its delay. Likewise, as to the Motion to Quash regarding financial information and agreements, Roku has been objecting to those requests since January 13, 2020. Canon only recently threatened to move to compel, necessitating Roku's Motion to Quash. Canon fails to explain its months' long delay.

### C. The Burdens on Local Non-Party Roku Would Be Significant

Canon has sought expansive, burdensome discovery from Roku in this District, but at the same time has told EDTX that Roku's presence in NDCA was of minimal importance for the suit. *See* D.I. 64. Due to Canon's venue gamesmanship, Roku has had to expend considerable time and resources on discovery as a third party. In addition to demanding the entire Roku OS source code for review, Canon has served two document subpoenas on Roku resulting in the production of over 25,000 pages of documents, two corporate deposition subpoenas with twenty-six topics, and seventeen deposition subpoenas on individual Roku employees. Transferring Roku's motions to EDTX for subpoenas that required compliance in NDCA would only further compound these burdens, forcing Roku to litigate in a venue in which it could not have been sued. Transfer would also further incentivize litigants to seek an end run around the patent venue statute and *TC Heartland* by filing against only foreign entities while in reality targeting domestic companies that could not be sued in the chosen venue.

Further, there are strong local interests in protecting the core assets of non-party Roku, a company based in NDCA. Canon's discovery demands would place burden on Roku and Roku's employees in NDCA, who would be responsible for collecting documents, preparing source code computers for review, and monitoring source code reviews. These "local nonparties should be burdened as little as practicable" and the "local resolution of the motion" imposes the lighter burden. *See Personalized Media*, 2016 WL 8542561 at *2.

### V. CONCLUSION

Canon has failed to show that extraordinary circumstances warrant transfer of local non-party Roku's Motions to Quash. Accordingly, this Court should deny Canon's Transfer Motion.

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: May 11, 2020 | By: /s/ Andrew T. Radsch |
|   | Andrew N. Thomases (CSB # 177339) <br> andrew.thomases@ropesgray.com <br> Andrew T. Radsch (CSB # 303665) <br> andrew.radsch@ropesgray.com <br> ROPES & GRAY LLP <br> 1900 University Avenue <br> East Palo Alto, California 94303-2284 <br> Tel.: (650) 617-4000 <br> Fax.: (650) 617-4090 |
|   | Attorneys for Non-Party <br> ROKU, INC. |

OPPOSITION TO CANON, INC.'S MOTION TO TRANSFER ROKU INC.'S SUBPOENA-RELATED MOTIONS TO THE ISSUING COURT
Misc. Case No. 3:20-mc-80079-JCS

11